IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEANDRE HOLLAND, | CASE NO.   5:24-CV-00014-SO |
| Plaintiff, | JUDGE SOLOMON OLIVER, JR. |
| vs. | **MOTION FOR LEAVE TO FILE SUR-REPLY BRIEF IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT *INSTANTER*** |
| CITY OF AKRON, ET AL., | |
| Defendants. | |

Defendants, by and through counsel, respectfully request leave to file the attached Sur-Reply Brief in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint *instanter*. Specifically, Defendants are requesting leave to address new submissions and arguments raised for the first time in Plaintiff's Reply Brief.

The Sixth Circuit has found that sur-replies may be allowed in the appropriate circumstances, especially "'[w]hen new submissions and/or arguments are included in a reply brief, and a nonmovant's ability to respond to the new evidence has been vitiated.'" *Key v. Shelby Cnty.*, 551 F. App'x 262, 265 (6th Cir. 2014) (quoting *Seay v. Tenn. Valley Auth.*, 339 F.3d 454, 481 (6th Cir.2003)); see also, *Gard v. Grand River Rubber & Plastics Co.*, 2021 WL 12320784, *4 (N.D.Ohio Nov. 17, 2021) (granting request for leave to file sur-reply where moving party raised several new arguments in its reply brief).

On May 30, 2025, Plaintiff filed a belated Motion for Leave to File First Amended Complaint. (Doc. #34). Plaintiff also filed a proposed Amended Complaint along with his Motion for Leave. (Doc. #34-1). On June 13, 2025, Defendants timely responded to Plaintiff's Motion for Leave and proposed Amended Complaint. (Doc. #36). In response, on June 20, 2025, Plaintiff filed a Reply Brief, which alleged to the Court that the proposed Amended Complaint Plaintiff

filed on May 30, 2025, was a clerical error and improperly attempted to shift the blame regarding the same on Defendants. (Doc. #38). On June 20, 2025, as referenced in Plaintiff's Reply Brief, Plaintiff also filed a Notice of Filing Corrected Exhibits to Plaintiff's Motion for Leave, including a new proposed Amended Complaint (Doc. #37-1) and a new proposed Amended Complaint including track changes in redline (Doc. #37-2). (Doc. #37). Notably, contrary to Plaintiff's suggestion otherwise, Plaintiff did not file a "Exhibit 2" or "Doc. #34-2" representing track changes in redline, on May 30, 2025. Given the new submissions and arguments raised by Plaintiff, a sur-reply is wholly appropriate under the circumstances.

Accordingly, Defendants respectfully request that the Court grant Defendants leave to file the attached Sur-Reply Brief in Opposition to Plaintiff's Motion for Leave to File First Amended Complaint *instanter* and that it be deemed filed upon the granting of this Motion.

Respectfully submitted,

/s/ *Aretta K. Bernard*
Aretta K. Bernard (0039116)
abernard@ralaw.com
Stephanie Olivera Mittica (0095651)
smittica@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
P:  330.376.2700
F:  330.376.4577

*Attorneys for Defendants*

2

23454682 _1  016756.0172

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that the foregoing was filed electronically on June 27, 2025.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Aretta K. Bernard

One of the Attorneys for Defendants

23454682 _1  016756.0172

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| DEANDRE HOLLAND, | CASE NO.   5:24-CV-00014-SO |
| Plaintiff, | JUDGE SOLOMON OLIVER, JR. |
| vs. | **DEFENDANTS' SUR-REPLY IN OPPOSITION TO PLAINTIFF'S MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT** |
| CITY OF AKRON, ET AL., | |
| Defendants. | |

Plaintiff's Reply Brief is replete with misstatements of both law and fact.

In response to Defendants' Brief in Opposition, Plaintiff claims for the first time to the Court that the proposed Amended Complaint filed with his Motion for Leave was a clerical error. Whether true or not, Plaintiff wrongly and without basis attempts to shift the blame to Defendants suggesting that the undersigned counsel should have notified Plaintiff of this issue. To be clear, Defendants would not have any knowledge that the proposed Amended Complaint filed by Plaintiff on May 30, 2025, was filed in error. Additionally, Defendants had no obligation to preview their intended response to Plaintiff's Motion for Leave prior to filing. Put simply, Defendants properly responded to Plaintiff's Motion for Leave based on the content or lack thereof of the Motion for Leave and proposed Amended Complaint filed by Plaintiff on May 30, 2025. Plaintiff also now suggests that Plaintiff had filed an "Exhibit 2"/"Doc. #34-2" representing track changes in redline of the proposed Amended Complaint on May 30, 2025. As the docket reflects, no such document was filed on May 30, 2025.

Further, although Plaintiff continues to ignore the applicability of Federal Rule of Civil Procedure 16, which alone is fatal to Plaintiff's Motion for Leave, contrary to Plaintiff's allegation otherwise, there would still be undue delay even if the only claim Plaintiff is seeking leave to add

is a First Amendment retaliation claim. In that regard, Plaintiff concedes that Defendants would be required to engage in further briefing, which would result in delay and prejudice to Defendants. And, contrary to Plaintiff's proposition, Plaintiff is certainly not permitted to raise a claim for the first time in response to Defendants' Motion for Summary Judgment. *Stanislaw v. City of Warren, Ohio*, 2022 WL 2833812, *6 (N.D.Ohio July 20, 2022), quoting *Hoffman v. O'Malley*, 447 F.Supp.3d 629, 636 (N.D.Ohio 2020) citing *Tucker v. Union Needletrades, Industrial and Textile Employees*, 407 F.3d 784, 788 (6th Cir. 2005). This flies in the face of well-established Sixth Circuit authority and would require Defendants to brief a claim they have not yet had an opportunity to address through discovery.

Moreover, Plaintiff attempts to mislead the Court regarding Defendants' futility argument. Specifically, Plaintiff cites *Heck v. Humphrey*, 512 U.S. 477 (1994) and *McDonough v. Smith*, 588 U.S. 109 (2019) for the proposition that the two-year statute of limitations for a First Amendment retaliation claim does not begin to run until the criminal proceeding has ended in the defendant's favor or has otherwise been invalidated. Not so. In fact, neither *Heck* nor *McDonough* address First Amendment retaliation. Rather, *Heck* and *McDonough* involve Section 1983 claims for malicious prosecution. Plaintiff has failed to cite to any authority finding that such is true in the context of First Amendment retaliation. Thus, Plaintiff's attempt to add only the First Amendment retaliation claim, as he now asserts, is entirely futile as a matter of law.

Finally, Plaintiff attempts to support his belated request to add a First Amendment retaliation claim by relying on non-binding and highly distinguishable cases, that unlike this case, do not seek leave to add a claim after the deadlines for amending the pleadings, discovery, and dispositive motions have passed. *Person v. Progressive Logistics Services, LLC*, 2005 WL 8162319 (E.D.Tenn. Dec. 16, 2005) (no explicit deadline for amending the pleadings, the plaintiff

did not know the bases for the claim until he received discovery a month before requesting leave, and neither discovery nor dispositive motion deadlines had passed); *B.L. v. Schuhmann*, 380 F.Supp.3d 614 (W.D.Ky. 2019) (discovery had not yet commenced); *Stephens v. Premiere Credit of N. America, LLC*, 2017 WL 4799817 (W.D.Ky. Oct. 24, 2017) (the plaintiff was only attempting to add factual context and regarding the new theory there was no trial date set and the summary judgement deadline had been stayed); *Gallagher v. Am. Steamship Co.*, 2021 WL 5414289 (E.D.Mich. July 12, 2021) (request for leave was sought a few days after the close of discovery and the court specifically pointed out that this is not a case where the plaintiff moved to amend his pleadings during dispositive motion briefing or after the dispositive motion deadline had passed); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 205 (3d Cir. 2006) (the plaintiff proffered a justification for the delay); and *Chartwell Therapeutics Licensing LLC v. Citron Pharma LLC*, 2019 WL 12518722 (E.D.N.Y. Sept. 4, 2019) (discovery was ongoing and there was no undue delay or prejudice). As such, Plaintiff's case authority should be disregarded and his motion denied.

For all these reasons, as well as those set forth in Defendants' Brief in Opposition, Defendants respectfully request that this Court deny Plaintiff's Motion for Leave and award Defendants their attorneys' fees in having to respond to the same.

Respectfully submitted,

/s/ Aretta K. Bernard
Aretta K. Bernard (0039116)
abernard@ralaw.com
Stephanie Olivera Mittica (0095651)
smittica@ralaw.com
Roetzel & Andress, LPA
222 South Main Street
Akron, OH  44308
P:  330.376.2700
F:  330.376.4577

*Attorneys for Defendants*

3

23454701 _1 016756.0172

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was filed electronically on June 27, 2025.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.  Parties may access this filing through the Court's system.

/s/ Aretta K. Bernard
One of the Attorneys for Defendants

4